E-FILED
Wednesday, 07 August, 2019 03:29:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN AMAYA LAZANO, | ) | |
|   Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | No. 19-1181 |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, et. al., | ) | |
|   Defendants | ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, claims his constitutional rights were violated at the Federal Correctional Institution in Pekin, Illinois (FCI Pekin). Plaintiff filed his lawsuit pursuant to *Bivens v. Six Unknown Named*

1

*Agents,* 403 U.S. 388 (1971) and he has identified a variety of Defendants including the United States Department of Justice, the U.S. Attorney's Office, Warden William Hicks, Administrator of Inmate Appeals Ian Connors, Dentist Dr. Rivera-Martines, Health Care Administrator Shane Johnson, and North Central Regional Director Jeffrey Krueger.

Plaintiff says he has a partial denture replacing his two front teeth. On May 28, 2013, Plaintiff lost his partial denture when he became violently ill, threw up, and accidentally flushed his denture down the toilet. Apparently, the incident took place at a federal correctional facility in Indiana, but Plaintiff says he has tried repeatedly to obtain a replacement without success. Plaintiff filed a grievance and completed the grievance process at FCI Pekin, and the Bureau of Prisons (BOP) states it will not provide a replacement.

Plaintiff says prison officials claim they can only replace his dentures if he provides the broken pieces, but Plaintiff says he does not have any pieces since the entire denture was flushed. Plaintiff also says he has offered to pay for a replacement, but BOP will still not approve it. In addition, BOP has informed Plaintiff that he does not qualify for a replacement since he has enough surviving teeth to eat a soft food diet.

Plaintiff says neither reason makes sense since he originally got his dentures in federal prison.

As a result, Plaintiff says he is unable to eat without pain and it is very difficult to communicate. Plaintiff says his problems speaking are magnified by the fact that he is Hispanic and apparently English is not his first language. Plaintiff is not seeking damages with the exception of possible attorney fees. Instead, Plaintiff simply wants replacement dentures.

Unfortunately, Plaintiff has not mentioned any of the named Defendants in the body of his complaint and therefore he has not explained how any Defendant is personally involved in his allegations. *see Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). "Both *Bivens* and § 1983 create 'a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.'" *Reynolds v. United States*, 2016 WL 51389, at *3

(S.D.Ill. Jan. 5, 2016) *quoting Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Therefore, a Defendant is not liable simply because he is a supervisor. *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). Instead, Plaintiff must identify or describe the specific individuals who were responsible for denying his requested replacement denture.

The Court notes Plaintiff has provided a copy of his grievance response signed by Defendant Administrator of Inmate Appeals Ian Connors. Defendant Connors says the facility dentist conducted a dental exam in March of 2018 and the dentist determined Plaintiff did not meet the requirements for a replacement due to the number of surviving teeth. Therefore, the Plaintiff can proceed with his claim against Defendant Dentist Dr. Dr. Rivera-Martines. However, Defendant Connors cannot be held liable simply because he denied Plaintiff's grievance. "[R]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v Smith*, 507 F.3d 605, 609(7th Cir. 2007).

If Plaintiff can clarify the specific involvement of any other named Defendant, he may file a proposed amended complaint within 21 days of this order. The amended complaint must stand complete on its own and must not refer to the initial complaint. For each named Defendant, Plaintiff

4

must briefly state how they were specifically involved in denying Plaintiff's request for a replacement denture. For instance, the United States Department of Justice and the U.S. Attorney's Office would not be responsible for providing or approving an individual inmate's dentures.

The Court has previously granted Plaintiff's motion for appointment of counsel. *See* August 1, 2019 Text Order. Therefore, the Court will refer this case to the Pro Bono Litigation Coordinator for recruitment of counsel. Plaintiff is reminded he has no constitutional right to the appointment of counsel in this case, and the Court cannot require an attorney to accept pro bono appointment. Therefore, the most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges FCI Pekin Dentist Dr. Rivera-Martines violated the Plaintiff's Eighth Amendment rights when the dentist refused to replaced Plaintiff's partial denture making it difficult for Plaintiff to eat or speak. The claim is stated against the Defendant in his individual capacities only. Any

additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked

while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of

electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss all Defendants except Dentist Dr. Rivera-Martines for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendant pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of**

**service and enter scheduling deadlines; 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; and 5) Refer this case to the Pro Bono Litigation Coordinator for recruitment of counsel for the Plaintiff.**

ENTERED this 7th day of August, 2019.

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE